### HARRIET A. DAVIS *et al.*

*v.*

### JOHN B. MITCHELL.

NEW TRIAL—*on the evidence.* In this case, upon a question of fact in respect to an alleged settlement of accounts between the parties, this court refused to disturb the verdict of the jury.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. PORTER & MOSHER, for the appellants.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was commenced before a justice of the peace to recover an alleged balance due plaintiffs from defendant for money by him collected for their use. Before the justice plaintiffs recovered a judgment for $200, but on the trial of defendant's appeal in the circuit court they only recovered $75, and being dissatisfied with the amount of the judgment in their favor they bring the case to this court on appeal.

Under the will of their father—Jacob Wright, deceased— plaintiffs, as sole legatees of the personal property of his estate, became entitled to a promissory note for $3100 and accrued interest, on parties residing in Galesburg. It was thought the

note was not entirely good, as it was in no way secured, and, at defendant's own suggestion, plaintiffs engaged him to collect what he could on the note and obtain security for the balance. Afterwards defendant collected the interest and $100 of the principal of the note, and for the balance he obtained from the makers real estate mortgage security.

On reporting what he had done, to one of plaintiffs, defendant had some negotiation with her as to what his compensation should be for his services, and he says it was agreed with her he should pay plaintiffs the $100 of the principal collected on the note and $100 of the interest, and retain the balance for his fees. At the same time defendant says he made an arrangement with her to borrow the $200 he was to pay to plaintiffs, and give security for the same by mortgage on real estate. But when he saw the other plaintiff the security offered was not satisfactory, and the proposition to borrow the money was then abandoned. Both parties agree that defendant then made a proposition to pay plaintiffs $180 in cash in full settlement of all matters between them, and defendant was to give plaintiffs a receipt for all claims against their father's estate, and plaintiffs to give him a receipt in full of all demands. Plaintiffs insist and so testified that the proposition was conditionally accepted by them, that it should appear defendant's accounts with their father's estate were as he represented them to be. On examination they say it turned out defendant was indebted to the estate in a much larger sum than he had represented to them, and for that reason they afterwards declined to pass receipts.

The parties all met at the office of Porter, and on plaintiffs declining to accept the $180 in full settlement of the matters in dispute, defendant tendered them that sum and afterwards deposited it in a bank for the use of plaintiffs. It is shown plaintiffs' agent afterwards drew the money from the bank for their benefit. Of this fact there is no dispute. As to the state of defendant's account with the estate of plaintiffs' father, the evidence affords no clear understanding. It may

or it may not have been as defendant represented it. A majority of the court are, therefore, of opinion the verdict ought not to be disturbed, and are further of opinion that in view of the character of the evidence submitted there is nothing in the instructions given for defendant calculated to mislead the jury on the issues involved.

The judgment must be affirmed.

*Judgment affirmed.*